SUPERIOR TILE, MARBLE, TERRAZZO CORPORATION D/B/A SUPERIOR SALES CO. v. RICKEY OFFICE EQUIPMENT, INC., A CORPORATION AND KERMIT R. RICKEY AND WIFE, MARY P. RICKEY

No. 8326SC1021

(Filed 4 September 1984)

1. **Negligence § 50.1— negligence by plumbers—no liability by landowners**

   In an action to recover for damages to plaintiff's personal property when a water pipe on defendant's property burst, the trial court properly refused to give plaintiff's requested instruction which would have made defendants liable for the negligence of plumbers in failing to discover the disrepair of the pipes even though defendants had used due care in hiring them.

2. **Negligence § 27.3— matter of checking for leaks—causes of leaks—testimony not error**

   In an action to recover for damages to plaintiff's personal property when a water pipe on defendants' property burst, a plumber's testimony on cross-examination that in checking for leaks a plumber does not dig up pipes and ex-

amine them and his testimony as to the various causes of leaks did not constitute prejudicial error.

**3. Evidence § 25— comparison of photographs—expert testimony not required**

It is not necessary for a witness to qualify as an expert in comparing photographs in order to testify that he believes separate photographs depict the same subject and to point out to the jury why he so believes.

**4. Witnesses § 7— past recollection recorded—deposition inadmissible**

A deposition was not admissible as past recollection recorded where the witness did not authenticate the deposition by saying that it represented his recollection at the time it was made.

**5. Evidence § 33.2— testimony inadmissible as hearsay**

Testimony by a witness that another person had told one of the individual defendants that certain pipes were rotten was hearsay and inadmissible as substantive evidence.

**6. Pleadings § 33— denial of amendment to conform to evidence—absence of prejudice**

Plaintiff was not prejudiced by the trial court's denial of its motion to amend the complaint to conform to the evidence where plaintiff had the benefit in the charge of all it was entitled to have if the motion to amend the complaint had been allowed.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered 7 February 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 June 1984.

The plaintiff appeals from a judgment entered after a jury verdict. The plaintiff alleged that it suffered substantial damage to its personal property from flooding as a result of the negligence of the defendants. It alleged as specific acts of negligence (1) that the defendants failed to make proper repairs to deteriorated pipes in their water supply system although they knew or should have known of its deteriorated and eminently dangerous condition; (2) that they failed to warn the plaintiff of the deteriorated water supply system; and (3) that they failed to take due care to prevent flooding by the water supply system.

The plaintiff's evidence showed it owned personal property of substantial value which was stored in a building on South Tryon Street in Charlotte. The defendants owned and controlled a building on the adjoining lot. On 15 May 1979 a pipe burst on the defendants' property and water from the pipe flooded the plaintiff's building causing substantial damage to the personal proper-

ty of the plaintiff. On 17 November 1979 another pipe on the defendants' property burst, again flooding the plaintiff's building and causing substantial damage to its personal property. J. V. Andrews Company, a plumbing contractor, had inspected the plumbing in the defendants' building and done work on the plumbing at times before the flooding in May 1979. This company was called when the first flooding occurred. Its employees found a cast iron pipe was severely eroded and had sprung a leak which resulted in flooding the plaintiff's property.

In the late summer or fall of 1979, the defendants were preparing the upstairs portion of their building for rent to the census bureau. They hired Brown and Glenn to work on the upstairs plumbing to bring it up to standard for the census bureau. They also hired Andrews to tie in a new water pipe distribution system for the upstairs portion of the building. There were four water meters and four lines leading into the Rickey Building. The water supply main and the meter leading to the upstairs portion of the building had been cut off for several years. The plaintiff offered evidence which it contends shows the plumbers hired by the defendants were negligent and this caused the flooding and damage to its property. The court submitted issues as to the negligence of the defendants in regard to both floodings. The jury answered both issues for the defendants. The plaintiff appealed from a judgment entered on the verdict.

*Boyle, Alexander, Hord and Smith, by Norman A. Smith, for plaintiff appellant.*

*Jones, Hewson and Woolard, by Harry C. Hewson and Hunter M. Jones, for defendant appellees.*

WEBB, Judge.

[1] The plaintiff's first assignment of error is to the charge. The plaintiff requested the court to instruct the jury that if the exercise of reasonable care by the defendants or any person to whom they entrusted the maintenance and repair of the water system for the building would have disclosed the disrepair of the pipes, the defendants would be liable for the damage to the plaintiff's property for turning on the water without making this repair. The court charged only as to the defendants' duty of due care as to the pipes and the plaintiff argues this was error. The charge

requested by the plaintiff would make the defendants liable for the negligence of the plumbers although the defendants had used due care in hiring them. The plaintiff relies on Restatement (Second) of Torts § 365 (1965) which says:

"A possessor of land is subject to liability to others outside the land for physical harm caused by the disrepair of a structure or other artificial condition thereon, if the exercise of reasonable care by the possessor or by any person to whom he entrusts the maintenance and repair thereof

(a) would have disclosed the disrepair and the unreasonable risk involved therein, and

(b) would have made it reasonably safe by repair or otherwise."

The rationale of making one person liable to another for tort damages under our system is based on the fault of the defendants. It may be that this section of the Restatement should be adopted as the law of this state in some cases. In this case we do not believe the defendants should be held liable when there is no evidence they were negligent or otherwise at fault in hiring the plumbers to turn on the water system. *See Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972).

We note that Section 365 may not be intended to apply to this case. Section 364 which deals with the liability of possessors of land in circumstances other than those covered by Section 365 uses the words "physical harm" as does Section 365. The comment to Section 364 says it means "physical harm of persons" which we interpret to mean personal injury. We believe the words were intended to have the same meaning in both sections. There is no personal injury in this case. The plaintiff's first assignment of error is overruled.

[2] The plaintiff next assigns error to the admission of certain testimony. James V. Andrews, the president of one of the plumbing companies that did work for the defendants, was the first witness for the plaintiff. He testified as to how a plumber would check for leaks. He was allowed to testify on cross-examination over the objection of the plaintiff that in checking for leaks a plumber does not dig up pipes and examine them. He was also allowed to testify over objection as to various causes of leaks in

pipes. The plaintiff contends it was prejudicial error to allow this testimony because it is not related to any matter relevant to the issues. *See* 1 Brandis on N.C. Evidence § 35 (1982). The plaintiff contends it was never its contention that the defendants should dig up the pipes to test them and the testimony should have been excluded. At the time Mr. Andrews testified all the plaintiff's contentions as to negligence of the defendants were not clear. We do not believe this testimony of Mr. Andrews was so far from any matter relevant to the issue as to constitute prejudicial error.

The plaintiff also contends it was error to let Mr. Andrews testify that it was his understanding that the wall of the Rickey Building coincided with the property line. The plaintiff argues that this allowed Mr. Andrews to express an opinion on a matter of survey without showing that he was an expert. The plaintiff argues that the jury could have been led to believe from this that the corrosion of the pipes occurred off the property of the defendants and they were not responsible for it. The defendants admitted they were responsible for the repair of all pipes leading from the city's water meter to their building, regardless of whose property they were on. We do not believe plaintiff was prejudiced by this testimony.

[3]   The plaintiff introduced photographs of some items of property which were damaged by the water. Mike Caldwell, a professional photographer, testified that he made some pictures of the property for the defendants, which pictures were placed in evidence. He was then allowed to testify over plaintiff's objection that some of the pictures he made were of the same things that were in the pictures introduced by the plaintiff. He then pointed out to the jury the markings on the items which led him to so believe. The pictures were passed among the jury for their examination. The plaintiff argues that there was no showing that Mr. Caldwell was an expert in comparing photographs. We do not believe it is necessary for a witness to qualify as an expert in comparing photographs to testify that he believes separate photographs depict the same subject and point out to the jury why he so believes. The jury can determine for themselves if he is correct. If it was error to admit this testimony, the testimony went to the damage issues which issues the jury did not reach. We do not believe the testimony was prejudicial to the plaintiff.

There was also testimony by the defendant Kermit P. Rickey which went to the damage issues. The appellant asks that in the event of a new trial that this evidence be excluded. In light of the result we reach we do not consider this part of the assignment of error.

[4] Michael Keesler, an employee of Andrews, was called as a witness by the plaintiff. He was asked if he remembered a conversation with Johnny Major and Mr. Rickey about the water being cut on or off and he said he did not. Mr. Keesler testified "I remember something being said about it, but I don't remember what was said or anything like that." The plaintiff then offered into evidence a deposition of Mr. Keesler taken before trial in which he testified that in a conversation with Johnny Major and Mr. Rickey he learned the maintenance man for the defendants had turned on the water. The court would not allow this part of the deposition to be read to the jury. The plaintiff contends it should have been admitted as past recollection recorded. A recorded past recollection is admissible in evidence if a witness testifies that he cannot now testify from present recollection but the recorded recollection was made when the facts were fresh in his memory and it actually represented his recollection at the time. *See* 1 Brandis on N.C. Evidence § 33 (1982). In this case the witness did not authenticate the deposition by saying it represented his recollection at the time it was made. It was not admissible as a recorded past recollection.

[5] Joseph Barkley testified for the plaintiff. The court excluded testimony by Joseph Barkley that Michael Keesler had told Mr. Barkley that he had told either Mr. or Mrs. Rickey that the pipes were rotten. Mr. Keesler in his testimony denied making such a statement. The testimony offered by Mr. Barkley was to prove by a statement to him from Mr. Keesler at least one of the Rickeys was told by Mr. Keesler that the pipes were rotten. The probative force of this testimony depends on the credibility of Mr. Keesler who was not testifying. It was hearsay testimony. *See* 1 Brandis on N.C. Evidence § 138 (1982). Mr. Barkley's testimony may have been admissible as a prior inconsistent statement to impeach the testimony of Mr. Keesler. *See* Brandis *supra* § 46. It was not admissible as substantive evidence and its exclusion is not prejudicial error.

[6]   The plaintiff assigns error to the denial of a motion to amend its complaint made at the end of the trial. The plaintiff moved to amend the complaint to conform to the evidence by alleging as acts of negligence that the defendants reactivated the water system without properly inspecting the water lines or having it properly inspected by a plumber at a time when they knew or should have known a similar pipe had failed because of corrosion approximately six months earlier. Although the court did not allow the amendment it charged the jury that it could find the defendants negligent if it found any of these things to be facts except the requirement that the water lines be properly inspected by a plumber. The plaintiff had the benefit in the charge of all it was entitled to have if the motion to amend the complaint had been allowed.

No error.

Judges JOHNSON and PHILLIPS concur.